IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| *In re:* | * | |
| **WHISKEY ONE EIGHT, LLC,** | * | Case No. 15-19885-DER |
| Debtor. | * | (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **FAIRMD, LLC** | * |
| * | |
| Movant, | * |
| v. | * |
| **WHISKEY ONE EIGHT, LLC** | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
<u>EMERGENCY MOTION TO DISMISS VOLUNTARY BANKRUPTCY PROCEEDING</u>**

FAIRMD, LLC, Movant, by Michael C. Bolesta, Michael D. Nord and Gebhardt & Smith, LLP, its attorneys, pursuant to 11 U.S.C. §§ 1112 and 305(a), files this memorandum of law in support of its Emergency Motion to Dismiss the Voluntary Bankruptcy filed by Whiskey One Eight, LLC, Respondent, and states:

*<u>I. Facts</u>*

1.	Debtor is a Maryland limited liability company owned by Richard Polm, his former wife Theresa Polm, and Andrew Zois, with their ownership interests in the company equal to 37.5%, 37.5% and 25% respectively.

{00155075.DOCX.2}

2. FAIRMD, LLC is presently the holder of a promissory note secured by substantially all of the Debtor's interest in Debtor's sole asset, a parcel of certain real property located at 520 Brock Bridge Road, Laurel Maryland 20724 (the "Brock Bridge Road Property").

3. The promissory note securing the loan matured on January 31, 2015.

4. FAIRMD, LLC was a participant in the loan to the Debtor along with Severn Savings Bank, which was the lead bank. FAIRMD, LLC has acquired all of Severn Savings Bank's right title and interest in the loan and FAIRMD, LLC is now owns all right, title and interest in the loan, the promissory note and the loan documents executed in connection therewith. A copy of the Participation Interest Purchase Agreement is attached as Exhibit 3.

5. On June 2, 2015, Severn Savings Bank issued Notice of Foreclosure Sale against the sole asset of Whiskey One Eight, LLC, the Brock Bridge Road Property, and Severn Savings Bank subsequently docketed the foreclosure case in the Circuit Court for Anne Arundel County, under the caption, Nord v. Whiskey One Eight, LLC, C-02-CV-15-002028.

6. The foreclosure sale is scheduled for July 16, 2015, at 10:30 a.m.

7. Debtor filed a voluntary bankruptcy proceeding under Chapter 11 of the United States Bankruptcy Code on July 15, 2015 in the United States Bankruptcy Court for the District of Maryland.

8. The voluntary bankruptcy petition filed under Title 11 of the Bankruptcy Code was signed by Andrew Zois as a Member-Manager of Whiskey One Eight, LLC.

9. The voluntary bankruptcy petition filed under Title 11 of the Bankruptcy Code was not signed by Richard Polm, as a Member of Whiskey One Eight, LLC, nor was it signed by Theresa Polm.

10. Although the Debtor may be able to obtain the signature of Theresa Polm,

Richard Polm has refused to and will not consent to the filing of bankruptcy by the Debtor, Whiskey One Eight, LLC.

11. Pursuant to Whiskey One Eight, LLC's operating agreement (the "Operating Agreement"), unanimous consent of all members shall be given in writing in order to institute a voluntary proceeding under the Federal Bankruptcy Code. Attached hereto is the Operating Agreement as Exhibit 1.

12. Whiskey One Eight, LLC alleges that it has authority under the Operating Agreement to file bankruptcy because the Manager has authority to carry out the intent and purpose of the Operating Agreement. A copy of the Whiskey One Eight, LLC authorization is attached as Exhibit 2. The intent and purpose of the Operating Agreement cannot be to file for bankruptcy. Instead, the Operating Agreement refers to the Maryland Statute regarding the filing of a bankruptcy, which requires unanimous consent by all members.

## *II. Argument*

**A. WHISKEY ONE EIGHT, LLC LACKED THE REQUISITE AUTHORITY TO FILE A VOLUNTARY BANKRUPTCY PROCEEDING BY FAILING TO OBTAIN THE UNANIMOUS CONSENT OF ITS MEMBERS AS PROVIDED FOR IN ITS OPERATING AGREEMENT.**

The authority to file is a central matter to bankruptcy that every bankruptcy court must consider in order to make the initial determination that the court has jurisdiction. Price v. Gurney, 324 U.S. 100, 106 (1945). Where state law and the governing company documents require certain parties to authorize a bankruptcy petition, a petition filed without authority must be dismissed, or in the alternative ratified by the requisite parties. Hager v. Gibson, 108 F.3d 35, 39 (4th Cir. 1997). Whiskey One Eight, LLC lacks the authority to file a bankruptcy petition absent unanimous consent. Additionally, the bankruptcy court lacks jurisdiction to hear a case

filed without authority.  In re ComScape Telecommunications, Inc., 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010), (citing Price, 324 U.S. at 106-07 (1945)).

Whiskey One Eight, LLC's Operating Agreement denies any authority to file a voluntary bankruptcy petition without first obtaining unanimous member consent before proceeding with such action.  Without evidence of a member vote, or unanimous consent for that matter, the filing member(s) of Whiskey One Eight, LLC are without authority to file the bankruptcy petition on behalf of the LLC.  Since the petition filed was not authorized, the bankruptcy court never obtained jurisdiction over the case.  In the absence of authority to file and subsequent jurisdictional issues, the bankruptcy case is subject to dismissal.

> **1.    Whiskey One Eight, LLC's Operating Agreement unequivocally proscribes any authority to file a voluntary petition under the Bankruptcy Code without the unanimous consent of all members.**

The commencement of a voluntary case is governed by section 301 of the Bankruptcy Code, which broadly states that a petition may be filed for a case under a chapter of the Code by an entity "that may be a debtor under such chapter."  11 U.S.C. § 301(a) (2013).  The Code does not, however, specify as to what constitutes an entity "that may be a debtor."  Matter of Phillips, 966 F.2d 926, 934 (5th Cir. 1992).  Since corporate entities, partnership entities and limited liability entities alike cannot act for themselves, they must act through their agents.  In re Arkco Properties, 207 B.R. 624, 627 (Bankr. E.D. Ark. 1997).  Thus, where the debtor is an entity, the person(s) filing on behalf of the entity must be authorized to do so in order for the entity to qualify under section 301.  Keenihan v. Heritage Press, Inc., 19 F.3d 1255, 1258 (8th Cir. 1994); ComScape Telecommunications, Inc., 423 B.R. at 829-30 (Bankr. S.D. Ohio 2010); In re Real Homes, LLC, 352 B.R. 221 (Bankr. D Idaho 2005).  The authority to file is fundamental to a commercial bankruptcy case because without it, the bankruptcy court has no jurisdiction to hear

the case. *See* Keenihan, 19 F.3d at 1259 (holding that although the issue of authorization to file was heavily interwoven with issues related to the business's debts, the court must definitively decide whether there was authorization to file in order to determine whether it even had jurisdiction to hear the other issues.)

When viewing Whiskey One Eight, LLC's operating agreement in its entirety, in conjunction with the applicable state laws of Maryland, a reasonable person could only understand the operating agreement as requiring the unanimous consent of all of the members to authorize the filing of a petition under the Federal Bankruptcy Code.

### a. Bankruptcy courts must defer to state law and the entity's governing documents to determine whether there was authority to file the petition.

Because the Bankruptcy Code provides little guidance on the matter of a limited liability company's authority to file, it is necessary to look to applicable state law to determine whether a bankruptcy petition was so authorized. In re SWG Assocs., 199 B.R. 557, 559-60 (Bankr. W.D. Pa. 1996). State law generally determines who has authority to file bankruptcy petition for corporation, limited liability company (LLC), partnership or other artificial entity, since such entities are creatures of state rather than of federal law, and their governance structures are determined under state law. Price, 324 U.S. at 106-07, 65 S. Ct. 513. In making its determination as to whether a particular petitioner(s) had the authority to file a bankruptcy petition, the court is required to undertake "a fact-sensitive inquiry." *Windels Marx Lane & Mittendorf, LLP v. Source Enters (In re Source Enters)*, 392 B.R. 541, 554 (S.D.N.Y. 2008). Accordingly, bankruptcy courts must dismiss a case if the petition was filed on behalf of an entity by person(s) without the authority to do so. ComScape Telecommunications, Inc., 423 B.R. at 829-30; In re D & W Ltd., LLC, 467 B.R. 427, 432 (Bankr. E.D. Mich. 2012).

The Maryland Limited Liability Company Act generally requires unanimous member consent to actions outside the ordinary course of business.  Further, the code explicitly states that "[a] member may not...without the unanimous consent of its members: [i]nstitute a voluntary proceeding under the federal bankruptcy code."  *See* Md. Corp. & Assocs Code Ann. § 4A-403(d)(2)(i) (2014).

However, not surprisingly, Maryland's Limited Liability Company Act also defers almost exclusively to the authority vested in an artificial entity's governance documents, and bankruptcy courts too must follow this deference.  *See generally* Md. Corp. & Assocs Code Ann. § 4A-403 (2014).  Additionally, the powers and duties of the members and managers of the limited liability company are also subject to the governance documents.  The Code explicitly states that "[t]he provisions of this section [4A-403] apply...unless otherwise agreed."  Md. Corp. & Assocs Code Ann. § 4A-403(a) (2014).  The unanimous consent provision is expressly qualified by "unless otherwise agreed".  *See id*. at 4A-403(a), (d)(2).  The Maryland Act provides a default set of rules for the management, control and operation of LLCs.  Members of an LLC are statutorily empowered to make *all decisions* in managing the LLC subject to the operating agreement.  Therefore, the Bankruptcy Court must carefully examine the governance documents of the LLC to determine whether the filing of the petition was authorized.  Consequently, where the filing of a bankruptcy petition does not conform to the obligations carved out in the governance documents, the bankruptcy court must dismiss the case.

### b. Whiskey One Eight, LLC's operating agreement requires unanimous consent of all members holding an interest to properly authorize a voluntary filing for relief under the Bankruptcy Code.

The operating agreement of Whiskey One Eight, LLC, states that, "*[e]xcept as otherwise provided in this Agreement*, the affirmative vote of the Members holding fifty-one percent (51%)

{00155075.DOCX.2}

or more of the Percentages then held by Members shall be required to approve any matter requiring the consent by the Members." Second Amendment and Restatement of Operating Agreement, p. 9 § 5.6.2 (emphasis added).

Whiskey One Eight, LLC's Operating Agreement goes on to also explicitly state that, "[e]xcept as otherwise provided in this Agreement, *wherever* the [Limited Liability Company] **Act** requires unanimous consent to approve or take *any* action, that consent shall be given in writing and, in *all* cases, shall mean the consent of *all* Members." Second Amendment and Restatement of Operating Agreement, p. 10, § 5.6.4 (emphasis added).

The apparently circular nature of the exceptions stated in Sections § 5.6.2 and 5.6.4 can nevertheless be reconciled. A well-established rule of statutory construction provides that, "[w]here two clauses or parts of a written agreement are apparently in conflict, and one is general in character and the other is specific, the specific stipulation will take precedence over the general, and control it." Fed'l Ins. Co. v. Allstate Ins. Co., 275 Md. 460, 341 A.2d 399 (1975). As otherwise stated, "When a particular occurrence falls within a general clause of a contract, and also within the precise terms of a specific provision of the same contract, a presumption arises that the specific...provision, rather than the general, is controlling." S. Ry. Co. v. Coca Cola Bottling Co., 145 F.2d 304 (4th Cir. 1944). *See also* PCS Nitrogen Inc. v. Ashley II of Charleston, LLC, 714 F.3d 161 (4th Cir. 2013) ("Where a general provision...conflicts with a specific provision..., 'the specific provision controls.'" (citation omitted); U.S. v. Holbrook, 368 F.3d 415 (4th Cir. 2004) ("[W]hen there is a conflict between general and specific provisions of a contract, the specific clause controls its meaning."; Bruce v. Lumbermens Mut. Cas. Co., 222 F.2d 642 (4th Cir. 1955) ("[W]here there is an inconsistency between general provisions and specific provisions, the specific provisions ordinarily qualify the

{00155075.DOCX.2}

7

meaning of the general provisions."); Macke Laundry Serv. Ltd. P'ship v. Alleco, Inc., 743 F.Supp. 382 (D. Md. 1989) ("[It is a] well-settled rule of contract construction that a specific provision will control over a general provision where such provisions are arguably in conflict."; Kronovet v. Lipchin, 288 Md. 30, 415 A.2d 1096 (1980) ("If there is a conflict or inconsistency between general provisions and specific provisions of a contract, the specific provisions qualify the meaning of the general provisions."; Hartford Underwriters Ins. Co. v. Phoebus, 187 Md. App. 668, 979 A.2d 299 (2009) ("[I]n construing contradictory provisions, we give preference to specific provisions over general provisions.").

Neither the provisions of the operating agreement, nor the historical conduct of the members' business decisions justify departing from the general rule within the Act that the members of Whiskey One Eight, LLC so obviously desired to adopt as Whiskey's own rule. Whiskey One Eight, LLC implements the Act's general rule into its own operating agreement by deferring to that Act for all actions taken that require unanimous consent.

Similarly, a manager for Whiskey One Eight, LLC alone fails to possess the requisite authority to file a voluntary bankruptcy petition under the terms of the entity's operating agreement. Pursuant to the terms of the operating agreement, the manager of the LLC has the authority only to make decisions that are within the ordinary and usual scope of the companies' business; filing a chapter 11 petition is not within the scope of authority expressly granted to the managers via the operating agreement. Initiating a voluntary bankruptcy proceeding is a paradigm action outside the ordinary course of business. *See, e.g.*, In re Century/ML Cable Venture, 294 B.R. 9, 27 (Bankr. S.D.N.Y. 2003). The filing in this case as a Chapter 11 petition in bankruptcy, which has as its primary purpose the reorganization of the affairs of the debtor, cannot, in good conscience, be viewed as an act whereby the petitioning member in this LLC

{00155075.DOCX.2}

8

sought to carry on its business in the ordinary or usual way.  In re SWG Assocs., 199 B.R. at 559.  Such a conclusion is mandated by the relief sought by the petitioner in a Chapter 11 case, which is anything but the normal process by which an entity conducts its business affairs.  Few actions could be farther outside the ordinary course of business for a single asset entity than the filing of a bankruptcy petition.

Here, Section 5.6.2, the simple majority provision, is the general provision and Section 5.6.4, the unanimous consent provision, is the specific provision.  Under the aforementioned rule of statutory construction, the specific provision, Section 5.6.4 is controlling.  Accordingly, inasmuch as the Maryland Uniform Limited Liability Company Act states that a member may not institute a voluntary proceeding under the federal bankruptcy code without the unanimous consent of the members, that consent shall be given in writing and, in all cases, shall mean consent of all members.

The foregoing provisions, when read together, establish that any and all decisions with respect to the Debtor's operations or management require majority vote, aside from those requiring unanimity, which are explicitly provided for in the Act.  The operating agreement therefore sets forth a reasonable and sound governance agreement that dictates majority rule on all matters other than those which are provided for in section 4A-403(d)(2)(i) of the Act, with relief under the federal bankruptcy code being one of those exceptional matters.

In the very recent and relevant case of In re Solomons One, LLC, the United States Bankruptcy Court for the District of Maryland interpreted an LLC's operating agreement to resolve a similar dispute as to whether majority vote or unanimous consent was required to authorize a bankruptcy filing.  In re Solomons One, LLC, 13-24475-TJC, 2013 WL 5934656 (Bankr. D. Md. Oct. 31, 2013).

{00155075.DOCX.2}

In <u>Solomons One</u>, the court found that only majority was required for filing based on the Solomons One operating agreement. *Id*. In reaching its conclusion, the court reviewed each section of the operating agreement and noted which corporate actions required unanimous consent, and which required mere majority. *Id*. at *8. The operating agreement explicitly specified three actions that required unanimous consent, with bankruptcy not being one of those specified actions. The fact that three corporate actions were specifically carved out of the majority rule norm was of significance to the court. The Solomons One court reasoned that because the Maryland Court of Appeals has held that the maxim "Expressio unius est exclusion alterius" or "the express mention of one thing implies the exclusion of another" is a well-settled rule of contract and statutory construction, the LLC's failure to explicitly mention bankruptcy, while still mentioning other unanimous actions bar that corporate action in the context of unanimity. *See* <u>Breslin v. Powell</u>, 26 A.3d 878, 891 (Md. 2011). This case demonstrates that the courts may infer the requisite approval from a review of the operating agreement *in its entirety*.

This case differs factually from the present case; however the precedent that it stands for reinforces Petitioner's position to view the operating agreement in its entirety, and from the perspective that furthers freedom of contract principles. The parties responsible for drafting Whiskey One Eight's agreement opted out of expressly mentioning any actions that require unanimous consent, and instead incorporated the Act's entire unanimous consent provision found in Section 4A-403(d)(2). It was clearly not the intent of Whiskey One Eight, LLC's members to bar all unanimous consent actions. Instead, it was their intention to adopt all of the unanimous consent actions outlined in the Maryland Limited Liability Company Act.

A fundamental policy expressed in the Act is "to give maximum effect to the principles of freedom to contract and the enforceability of operating agreements." Md. Code §4A-102.

{00155075.DOCX.2}

Thus, members may enter into an operating agreement "to regulate or establish any aspect of the affairs" of the company, including provisions establishing "the manner in which the business and affairs of the limited liability company shall be managed, controlled, and operated . . . ." *Id*. at §4A-402(a)(1). Here the drafters of Whiskey One Eight, LLC's operating agreement made special reference to the Act as a guiding force concerning unanimous consent actions. Members invoked their freedom to contract by intentionally adopting the unanimous consent requirements enumerated in the Act.

Even when a members' freely contracted provisions defer to the Act, the force of those provisions, whatever they may entail remain intact. Where, the members set forth their understanding in the operating agreement, "maximum effect" is given to their agreement.

> **1.    The Bankruptcy Code unambiguously provides FAIRMD, LLC standing to raise the issue of Whiskey One Eight, LLC's lack of requisite authority to file a voluntary bankruptcy.**

As a preliminary matter, it is important to note FAIRMD, LLC's standing as a creditor raising the issue of Whiskey One Eight, LLC's lack of requisite authority to file a voluntary bankruptcy. Admittedly, there are a number of dated and arguably distinguishable cases holding that creditors do not have standing to raise issues of requisite authority to file a petition on behalf of an entity. Royal Indem. Co. v. Am. Bond & Mortg. Co., 289 U.S. 165, 171 (1933); Matter of Verrazzano Towers, Inc., 10 B.R. 387, 391 (Bankr. E.D.N.Y 1981); In re E.T. Russel Co., 291 F. 809, 818 (D. Mass. 1923). The current Bankruptcy Code, however, clearly allows creditors to raise issues of requisite authority to file bankruptcy.

Section 1109(b) of the Bankruptcy Code, for example, essentially allows any party to a bankruptcy proceeding to raise any issue in the case:

> (a) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, *a creditor*, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.
> 11 U.S.C. § 1109(b) (2013) (emphasis added).

Creditors are expressly included as a category of interested parties. *Id*. Furthermore, the section allows the party in interest to be heard "on any issue". *Id*. There being no qualifying test, it is clear that a creditor may raise an issue as central to the bankruptcy case as jurisdiction and the debtor's lack of authority to file. Matter of Giggles Rest., Inc., 103 B.R. 549, 555-556 (Bankr. D. N.J. 1989).

Additionally, section 1112(b) of the Bankruptcy Code allows any party in interest to move for dismissal: "[O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter...for cause...". 11 U.S.C. § 1112(b)(1) (2013). Although section 1112, unlike section 1109, does not provide an enumeration of examples of what constitutes a "party in interest," it is clear that a creditor still qualifies as such a party so long as section 1112 is read in harmony with section 1109 – i.e., as long as section 1112 is "[r]ead naturally and in accordance with the other provisions of the statute." Dewsnup v. Timm, 502 U.S. 410, 420 (1992) (Scalia, J., dissenting). The only meaningful restriction upon parties seeking to convert or dismiss under section 1112(b) is that the conversion or dismissal be "for cause." 11 U.S.C. § 1112(b) (2013). Although the list does not contain any item to the effect of the lack of authority to file, the list itself is not exhaustive, since a list is not to be seen as restrictive where it begins with the word, "including." 11 U.S.C. § 102(3) (2013). Indeed, the lack of requisite authority has been held to be more than sufficient to satisfy the "for cause" requirement. In re Gen-Air Plumbing & Remodeling, Inc., 208 B.R. 426, 430 (Bankr. N.D. Ill. 1997). Additionally, lack of jurisdiction also provides

{00155075.DOCX.2}

12

sufficient cause to merit dismissal under § 1112(b) even where no party raises the issue of requisite authority to file the proceeding. ComScape Telecommunications, Inc., 423 B.R. at 830 (Bankr. S.D. Ohio 2010), (citing Price, 324 U.S. 100, 106-07 (1945)).

Whiskey One Eight, LLC's operating agreement, as will be demonstrated below, prevented a valid bankruptcy petition from being filed. Whiskey One Eight lacked the authority to file for bankruptcy due to its failure to obtain unanimous consent from all of its members. As a result, the filing was a nullity and the bankruptcy court lacked jurisdiction over the case. Accordingly, a creditor such as FAIRMD, LLC has sufficient standing to pursue a Motion to Dismiss where the Debtor lacked the requisite authority to file bankruptcy in the first place.

WHEREFORE, FAIRMD, LLC respectfully requests that this Honorable Court dismiss the unauthorized bankruptcy proceeding filed by Whiskey One Eight, LLC, and grant such other and further relief as is deemed just and necessary.

    Respectfully submitted,

/s/ Michael C. Bolesta
Michael C. Bolesta (#27667)
Michael D. Nord (#04395)
Gebhardt & Smith, LLP
One South Street, Suite 2200
Baltimore, MD 21202-3281
(410) 752-5830
(410) 385-5119
*Attorneys for FAIRMD, LLC*

**Certificate of Service**

I HEREBY CERTIFY that on this 15th day of July, 2015, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss the Voluntary Bankruptcy Proceeding was sent (i) via CM/ECF to all parties entitled to receive notice via the ECF System; and (ii) via First Class Mail, postage prepaid, to the following:

Larry Yumkas, Esq.
Jonathan P. Kagan, Esq.
Yumkas, Vidmar & Sweeney, LLC
1919 West Street, Suite 200
Annapolis, Maryland 21401
*Attorneys for Whiskey One Eight, LLC*

Office of the United States Trustee
101 W. Lombard St., Ste. 2625
Baltimore, MD 21201

/s/ Michael C. Bolesta
Michael C. Bolesta

{00155075.DOCX.2}